IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

GRICO CLARK

    Petitioner,

v.  Case No. 1:16-cv-01218-JDB-egb

CHERRY LINDAMOOD,

    Respondent.

ORDER DIRECTING PETITIONER TO FILE SUPPLEMENT TO MOTION

On July 29, 2016, Petitioner, Grico Clark, filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254.[1] (ECF No. 1.) Currently before the Court is Clark's "Motion to Hold Writ of Habeas Corpus in Abeyance" ("Motion to Stay"). (ECF No. 2.)

On January 20, 2016, the Tennessee Court of Criminal Appeals affirmed the trial court's denial of Clark's post-conviction petition. On May 6, 2016, the Tennessee Supreme Court denied Petitioner's application for permission to appeal. *See Clark v. State*, No. W2015-00894-CCA-R3-PC, 2016 WL 259521, at *1 (Tenn. Crim. App. Jan. 20, 2016), *appeal denied* (May 6, 2016). In his Motion to Stay, Clark asserts that a motion to reopen his post-conviction proceedings is currently pending in the state courts. He asks this Court to stay the adjudication of his federal habeas claims pending the resolution of his state-court motion.

---

[1] Petitioner is an inmate at the South Central Correctional Facility in Clifton, Tennessee. His Tennessee Department of Correction prisoner number is 504415.

A district court has discretion, under limited circumstances, to stay adjudication of habeas claims to allow the petitioner to exhaust available state-court remedies. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). A stay is not warranted, however, where the claims pending before the state court are not cognizable in the federal habeas proceeding. *See Casey v. Hall*, No. 5:08CV2694, 2009 WL 2167927, at *4 (N.D. Ohio July 17, 2009) (denying stay where the pending state-court claim was not a cognizable federal habeas claim); *see also generally* 28 U.S.C. § 2254(a) (a federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").

Petitioner, here, did not attach a copy of his state-court motion to his Motion to Stay or describe the claims asserted in the state-court motion. Without knowing whether the claims now pending in state court are cognizable federal claims, this Court cannot determine if any useful purpose would be served by staying the instant case during the pendency of the state proceeding.

Accordingly, Petitioner is granted thirty (30) days from receipt of this order to file a supplement to his Motion to Stay. The supplement shall (1) include a copy of the state-court motion to reopen the post-conviction proceedings; (2) set forth the filing date of the state-court motion; and (3) explain the current status of the state proceedings. Petitioner's failure to file a supplement that complies with this order will result in denial of the Motion to Stay.

IT IS SO ORDERED, this 17th day of November, 2016.

    **s/ J. Daniel Breen**
    CHIEF UNITED STATES DISTRICT JUDGE